CIURÓ, PLAINTIFF AND APPELLANT, *v.* CIURÓ ET AL., DEFENDANTS AND APPELLEES.

## APPEAL from the District Court of Ponce in an Action for Declaration of Heirship.

No. 2718.—Decided December 21, 1922.

DISCRETION OF COURT—VERIFICATION OF ANSWER—AMENDMENT.—The trial court permitted the defendant to amend the verification of his answer at the trial on the ground that although he was guilty of negligence, nothing indicated that his intention was to delay the prosecution of the action or that he had acted in bad faith. *Held:* That considering the reasons given, it can not be concluded that the court abused its discretional power.

FILIATION—PLEADING—SPECIFIC DENIAL.—In the complaint it was alleged that the plaintiff was acknowledged by his natural father and the answer denied that he had been acknowledged as a natural child of the said putative father. *Held:* That from a liberal construction of this last allegation, in accordance with section 122 of the Code of Civil Procedure, it may be considered as a specific denial of the allegation of the complaint.

The facts are stated in the opinion.

*Mr. D. Sepúlveda* for the appellant.

*Messrs. C. Brunet* and *J. Tous Soto* for the appellees.

MR. JUSTICE ALDREY delivered the opinion of the court.

In the second count of his complaint in this case Rafael Ciuró Santiago alleged that he was the only child begotten by Cristino Ciuró Ortega in natural intercourse with Ana Santiago while they were single and there was no legal impediment to their marriage; that he was born on December 11, 1869, and was acknowledged by the said Cristino Ciuró

Ortega as his child a few months after his birth. On this ground he based his prayer that, being an heir at law and having been ignored in the declaration of heirs made by Cristino Ciuró Ortega in favor of his widow and legitimate daughter, the court should annul that declaration of heirs and the partition made by them of the estate and the records in their favor in the registry of property. As the complaint was verified the answer was verified also, and it denied the second allegation of the complaint in all of its parts and specially denied that the plaintiff had been acknowledged in any way as the natural child of Cristino Ciuró Ortega.

After a trial the court, on motion by the defendants, held that the plaintiff's evidence was not sufficient to support the allegations of his complaint and rendered a judgment of dismissal. From that judgment the plaintiff took this appeal.

When the trial commenced in the lower court two years after the complaint had been filed the plaintiff moved the court for a judgment in his favor on the allegations of the complaint without a trial on the ground that there was no answer because its verification was null and void and because the acknowledgment alleged in the complaint was not specifically and affirmatively denied in the answer. The defendants admitted that the verification was void and asked the court for permission to amend it, which was granted by the court for the reason that although the verification was void and the defendants had been guilty of negligence and carelessness, yet nothing in the record indicated that their intention had been to obstruct or delay the prosecution of the action or that they had acted in bad faith, wherefore the court's ruling could not operate as a surprise to the plaintiff, and, furthermore, because the allegation of the complaint with regard to the acknowledgment of the plaintiff was well denied in the answer.

The grounds relied on for a reversal of the judgment

are as follows; First, because the court abused its discretion in overruling the plaintiff's motion for a judgment on the pleadings. Second, because the court held that the allegations of the second count of the complaint were well denied in the answer. Third, because the court dismissed the complaint for failure of evidence.

As to the first assignment, we can not agree with the appellant that the lower court abused its discretion in permitting the defendants to amend the verification of their answer at the trial, for the reasons given by the court for allowing the amendment of the verification are sufficient to justify the court's action.

In arguing the second assignment the appellant contended that the answer did not deny the second count of his complaint, for while the complaint alleged that the plaintiff was acknowledged *by* Cristino Ciuró, what the answer denied was that the defendant had been acknowledged in any manner as a natural child *of* Cristino Ciuró, for which reason it did not specifically deny the acknowledgment by Cristino Ciuró, but his acknowledgment as such child by other persons.

The improper use of one preposition for another is not sufficient in this case to justify a declaration that the answer failed to deny specifically the second count of the complaint, for from a liberal construction of that' allegation of the answer, in accordance with section 122 of the Code of Civil Procedure, it may be understood as denying that the plaintiff was acknowledged as a natural child by his putative father.

In discussing the third assignment of error the plaintiff does not argue that the evidence introduced by him at the trial was sufficient, but that as the answer was insufficient for the reasons stated in the second assignment, the court should have overruled the motion of the defendants for a nonsuit and rendered judgment for the plaintiff.

As we agree with the trial court that the answer was sufficient, there was no error in sustaining the motion for a nonsuit.

The judgment appealed from must be

*Affirmed.*

Chief Justice Del Toro and Justices Wolf and Hutchison concurred.

Mr. Justice Franco Soto took no part in the decision of this case.